**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **KEVIN D. MORRIS,** | ) | **CASE NO. 1:15CV1796** |
| | ) | |
| Petitioner, | ) | **JUDGE CHRISTOPHER A. BOYKO** |
| | ) | |
| Vs. | ) | |
| | ) | |
| | ) | **MEMORANDUM OF OPINION** |
| **JASON BUNTING,** | ) | **AND ORDER** |
| | ) | |
| Respondent. | ) | |

**CHRISTOPHER A. BOYKO, J:**

This matter comes before the Court on Petitioner Kevin D. Morris' Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody (ECF #1). For the following reasons, the Court accepts and adopts the Magistrate Judge's Report and Recommendation and dismisses Petitioner's Petition.

## **FACTS**

The following is a factual synopsis of Petitioner's claims. The Magistrate Judge's Report and Recommendation, adopted and incorporated, provides a more complete and detailed discussion of the facts.

1

In 2013, a jury convicted Petitioner of one count of Trafficking in Heroin, two counts of Possession of Criminal Tools and one count of Possession of Heroin. Each count carried a Forfeiture Specification. On May 28, 2013, Petitioner was sentenced to concurrent terms of nine months of imprisonment on each of the Trafficking and Possession of Criminal Tools charges and six years of imprisonment for the Possession of Heroin charge. The sentence was to be served consecutive to a two-year sentence Petitioner received after having pleaded guilty to Cocaine Trafficking and Possession. The aggregate sentence was eight years of imprisonment.

On June 11, 2013, Petitioner filed an Appeal in the Ohio Court of Appeals. The court *sua sponte* consolidated Petitioner's Appeals of his Heroin and Cocaine convictions. On October 3, 2013, Petitioner filed a Motion for Leave to File a Motion for a New Trial Pursuant to Ohio Crim. R. 33. On October 9, 2013, the trial court denied the Motion for lack of jurisdiction due to the pending Appeal.

On February 12, 2014, Petitioner again filed a Motion for Leave to File a Motion for a New Trial with the trial court. Upon Petitioner's request, the Ohio Court of Appeals stayed the Appeal and remanded the case to the trial court. The trial court then granted leave to file the Motion for New Trial. Petitioner filed the Motion on March 24, 2014. The trial court denied the Motion for New Trial on April 23, 2014.

On September 30, 2014, the Court of Appeals affirmed the trial court's judgment. On November 14, 2014, Petitioner filed an Appeal with the Supreme Court of Ohio. On March 25, 2015, the Supreme Court of Ohio declined to accept jurisdiction of the case.

Petitioner filed the instant Petition on September 3, 2015, asserting two grounds for relief:

> **GROUND ONE:** Insufficient evidence to support conviction in violation of the %th [sic] 5th and 14th amendments. [sic]
>
> **GROUND TWO:** State used dirty CI to obtain conviction and the court would not hold a hearing on a new trial motion with this new evidence violating 5th and 4th amends. [sic]

On September 9, 2015, this Court referred Petitioner's Petition to the Magistrate Judge for a Report and Recommendation. Petitioner filed a Reply to Respondent's Answer challenging for the first time his Trafficking conviction. Respondent filed a Sur-Reply arguing that Petitioner's challenge to his Trafficking charge is procedurally barred from habeas corpus review. On January 19, 2017, the Magistrate Judge issued his Report and Recommendation. Petitioner filed his Objections to the Magistrate's Report and Recommendation on March 17, 2017.

## **STANDARD OF REVIEW**

When a federal habeas claim has been adjudicated by the state courts, 28 U.S.C. § 2254(d)(1) provides the writ shall not issue unless the state decision "was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States." Further, a federal court may grant habeas relief if the state court arrives at a decision opposite to that reached by the Supreme Court of the United States on a question of law, or if the state court decides a case differently than did the Supreme Court on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405-406 (2000). The appropriate measure of whether or not a state court decision unreasonably applied clearly established federal law is whether that state adjudication was "objectively unreasonable" and not merely

3

erroneous or incorrect. *Williams*, 529 U.S. at 409-411.

Pursuant to 28 U.S.C. § 2254(e)(1), findings of fact made by the state court are presumed correct, rebuttable only by clear and convincing evidence to the contrary. *McAdoo v. Elo*, 365 F. 3d 487, 493-494 (6th Cir. 2004). Finally, Rule 8(b)(4) of the Rules Governing §2254 states:

> A judge of the court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify in whole or in part any findings or recommendations made by the magistrate.

## **ANALYSIS**

The Court agrees with the Magistrate Judge that Petitioner's argument that there was insufficient evidence to support his trafficking conviction was not presented to Ohio's appellate courts. Therefore, this argument is procedurally barred from habeas corpus review. Additionally, Petitioner fails to establish cause and prejudice to excuse the default or that the alleged constitutional violation resulted in the conviction of an innocent individual. *Murray v. Carrier*, 477 U.S. 478, 496 (1986). In his Objections, Petitioner now alleges ineffective assistance of appellate counsel for this failure. Petitioner cannot now raise this claim in his Objections.

In Ground One, Petitioner contends that there was insufficient evidence to support his Possession of Heroin conviction in violation of his Fifth and Fourteenth Amendment rights. This issue was addressed by the Court of Appeals. The Court of Appeals found that there was abundant circumstantial evidence presented at trial to convict Petitioner.

The Magistrate Judge points out that in a habeas corpus proceeding challenging

4

the sufficiency of the evidence, Petitioner is entitled to relief only if, based upon the evidence presented, "no rational trier of fact could have found proof of guilt beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 324 (1979). "*Jackson* claims face a high bar in federal habeas proceedings because they are subject to two layers of judicial deference." *Coleman v. Johnson*, 132 S. Ct. 2060, 2062 (2012). "A reviewing court may set aside the jury's verdict on the ground of insufficient evidence only if no rational trier of fact could have agreed with the jury." *Id.* (quoting *Cavazos v. Smith*, 132 S. Ct. 2, 4 (2011)).

A Federal Court must decide if the Court of Appeals determination was unreasonable in its conclusion. Federal courts must defer to the state appellate court's sufficiency determination as long as the determination is reasonable. 28 U.S.C. § 2254(d)(2); *Brown v. Konteh*, 567 F.3d 191, 205 (6th Cir. 2009) ("we must determine whether the Ohio Court of Appeals itself was unreasonable in its conclusion that a rational trier of fact could find Brown guilty beyond a reasonable doubt based upon the evidence introduced at trial").

The Court agrees that the Court of Appeals thoroughly evaluated the facts and had sufficient reason for its determination and therefore, was not an unreasonable application of clearly established federal law. Ground One is dismissed.

In Ground Two, Petitioner argues that his constitutional rights were violated because the prosecution relied on the testimony of an informant who had previously been convicted of tampering with evidence in another case. Petitioner raised this issue on appeal. The Court of Appeals found that the issue of the confidential informant's illegal activity was not relevant to whether Petitioner sold him the heroin. There was

5

enough corroborative evidence to support the conviction.

The Court of Appeals addressed Petitioner's claim that the prosecution suppressed evidence regarding the informant's criminal activity in violation of *Brady v. Maryland*, 373 U.S. 83 (1963). "To assert a successful *Brady* claim, a habeas petitioner must show that: (1) evidence favorable to the petitioner, (2) was suppressed by the government, and (3) the petitioner suffered prejudice." *Johnson v. Bell*, 525 F.3d 466, 475 (6th Cir. 2008) (citing *Banks v. Dretke*, 540 U.S. 668, 691 (2004)). "*Brady* requires that the prosecution disclose evidence that may impeach the credibility of a witness." *Wilson v. Parker*, 515 F.3d 682, 701 (6th Cir. 2008) (citing *Giglio v. United States*, 405 U.S. 150, 153–54 (1972)).

The Court of Appeals found that there was no merit to the claim that the prosecution withheld exculpatory evidence. The informant's charges for criminal conduct occurred on the same date that the jury returned their verdict against Petitioner. The Magistrate Judge concluded that Petitioner's claims that the prosecutor withheld that information is a factual impossibility. The evidence which Petitioner relies upon to seek relief did not exist until after the conclusion of his case, making it impossible for the prosecution to have suppressed this evidence. In his Objections, Petitioner alleges that the prosecutor asked the county to wait to file charges until after Petitioner's trial. There is no basis for this allegation. The Court agrees with the Magistrate Judge that Petitioner has not established a claim of prosecutorial misconduct.

Petitioner contends that the trial court erred in denying him an evidentiary hearing on his Motion for a New Trial. Petitioner sought a new trial to put forth the evidence that the informant had criminal activity that affected his credibility. The Court

6

of Appeals addressed this claim and agreed with the trial court that the newly discovered evidence would not have changed the outcome of the trial and did not affect the informant's testimony.

The Magistrate Judge points out that Petitioner did not present this argument as a violation of federal law and therefore, was not fairly presented to the state courts of Ohio.  Ordinarily, a state prisoner does not "fairly present" a claim to a state court if the petition, brief, or document does not alert the court "to the presence of a federal claim in order to find material, such as a lower court opinion in the case, that does so." *Baldwin v. Reese*, 541 U.S. 27, 32 (2004).   The Court finds that Petitioner has procedurally defaulted this claim and fails to establish cause and prejudice to excuse the default.

Petitioner has failed to show that the Court of Appeals' decisions were contrary to, or involved an unreasonable application of, clearly established federal law.     For the foregoing reasons, the Court  **ADOPTS** and **ACCEPTS** the Magistrate Judge's well-reasoned Report and Recommendation and dismisses Petitioner's Petition Under 28 U.S.C. §2254 for Writ of Habeas Corpus by a Person in State Custody.

The Court finds an appeal from this decision could not be taken in good faith. 28 U.S.C. § 1915 (a)(3).  Since Petitioner has not made a substantial showing of a denial of a constitutional right directly related to his conviction or custody, the Court declines to issue a certificate of appealability. 28 U.S.C. § 2253 (c)(2); Fed. R. App. P. 22(b).

**IT IS SO ORDERED.**

Date:4/24/2017

s/Christopher A. Boyko
**CHRISTOPHER A. BOYKO**
**United States District Judge**